In the Matter of DAVID E. HAMPTON, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, June 8, 1990

## APPEARANCES OF COUNSEL

*Gerard M. LaRusso* for petitioner.

*Richard A. Grimm* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to practice by this court on September 22, 1977 and maintains an office in Buffalo.

The allegations in the petition, which are materially admitted by respondent in his answer, show that he negotiated a settlement on behalf of a client and received a settlement draft for $4,500, which was made payable to his client and to respondent, as attorney. The respondent endorsed his client's name on the draft and deposited the proceeds of the check, after deducting his legal fee, into an account denominated "David E. Hampton, Attorney, Escrow Account". At the time the check was deposited, there was a negative balance in the account and, on numerous occasions, the balance in the account fell well below his client's interest. Respondent has not yet paid his client the settlement proceeds, but states that the client has refused to accept the amount, and has demanded the payment of additional bills not part of the settlement. He has admitted that the account was not an "escrow account" but was, in fact, an "operating account".

We find that respondent is guilty of violating the Disciplinary Rules of the Code of Professional Responsibility, and the rules of this court charged in the petition: specifically, DR 9-102 (failing to properly identify funds of a client), DR 9-102 (B) (3) (failing to maintain complete records of funds of his client and failing to render appropriate accounts to his client regarding them), 22 NYCRR 1022.5 (a) (commingling and converting client's funds) and 22 NYCRR 1022.5 (b) (failing to maintain true and correct records of client's fiduciary accounts).

We have considered the matters in mitigation, including the alleged recalcitrance of the client, respondent's willingness to represent the underprivileged often on a *pro bono* basis and the illness currently suffered by his spouse. Accordingly, respondent should be suspended for one year and until further order of the court.

BOOMER, J. P., PINE, BALIO, LAWTON and DAVIS, JJ., concur.

Order of suspension entered.